UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

　　　　Plaintiff / Respondent,

vs.

LLOYD JONATHAN FRY,

　　　　Defendant / Movant.

Civil Case No. 14-CV-1045-SWS-KBM
Criminal Case No. 13-CR-3357-SWS

## ORDER OVERRULING OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND CONCLUSIONS OF LAW, AND DENYING § 2255 MOTION

This matter comes before the Court on Defendant-Movant Lloyd Fry's objections to United States Magistrate Judge Karen Molzen's Proposed Findings and Conclusions of Law. The Court considered Mr. Fry's objections (Doc. 13)[1], the magistrate judge's proposed findings and conclusions (Doc. 12), Mr. Fry's motion under 28 U.S.C. § 2255 (Doc. 1), the government's response with exhibits (Doc. 9), Mr. Fry's reply (Doc. 10), and Mr. Fry's letter notifying the Court of recent Massachusetts case law (Doc. 11). Being fully advised on the matter, the Court will overrule Mr. Fry's objections; adopt the magistrate judge's proposed findings and conclusions; and deny Mr. Fry's § 2255 motion.

## BACKGROUND

On May 27, 2013, Mr. Fry was arrested at a U.S. Border Patrol checkpoint in New Mexico about 70 miles north of the Mexico border for possessing about 1.6 pounds of marijuana,

---

[1] Unless denoted otherwise, all citations to the record will refer to civil case number 14-CV-1045.

multiple firearms, ammunition, and four pipe bombs.  Mr. Fry was originally charged by

criminal complaint with possession of marijuana with intent to distribute and carrying a firearm

in relation to a drug trafficking crime.  (13-CR-3357 Doc. 1.)  In October 2013, Mr. Fry pled

guilty to an Information charging him with one count of possessing unregistered pipe bombs (13-

CR-3357 Docs. 33, 36, 37).  The Court sentenced him to 36 months imprisonment and three

years of supervised release.  (13-CR-3357 Doc. 42.)

Mr. Fry filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255.

(Doc. 1.)  The matter was referred to Magistrate Judge Molzen to conduct any necessary legal

analysis and prepare a recommended disposition for the District Judge.  (Doc. 8.)  Magistrate

Judge Molzen filed the Proposed Findings and Conclusions of Law on April 14, 2015.  (Doc.

12.)  Magistrate Judge Molzen recommended Mr. Fry's § 2255 motion be denied.  (*Id.*)  Pursuant

to 28 U.S.C. § 636(b)(1), the parties were provided 14 days in which to file objections.  Mr. Fry

timely filed his objections on April 27, 2015.  (Doc. 13.)

## DISCUSSION

The Court reviews de novo any part of the magistrate judge's findings or

recommendations to which an objection is made.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P.

72(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Crim. P.

72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).

1.   **Ineffective Assistance of Counsel Claims**

Mr. Fry alleges several claims of ineffective assistance of counsel against two different

attorneys.  At his initial appearance, he was represented by Assistant Federal Public Defender

(AFPD) James Langell. (13-CR-3357 Doc. 2.) For all subsequent proceedings, he was appointed Kenneth del Valle from the Criminal Justice Act Panel. (13-CR-3357 Doc. 8.)

### 1.1    Ineffective Assistance Claim Against AFPD Langell

Mr. Fry asserts AFPD Langell was unconstitutionally deficient at the initial appearance because he told the magistrate judge that Mr. Fry "gives up" his constitutional rights. (Doc. 1 at pp. 4-5.) In her proposed findings and conclusions, Magistrate Judge Molzen determined Mr. Fry's claim against AFPD Langell was frivolous for two reasons. First, as part of his plea agreement, Mr. Fry expressly waived any collateral attack upon his conviction pursuant to 28 U.S.C. § 2255, "except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver." (13-CR-3357 Doc. 36 at p. 6.) The magistrate judge concluded Mr. Fry's claim against the AFPD concerning his initial appearance was waived by the plea agreement because it was not part of negotiating or entering the plea agreement. (Doc. 12 at p. 6.) Second, the magistrate judge determined that even if not waived, Mr. Fry's argument was meritless because a review of the recording of Mr. Fry's initial appearance demonstrates the AFPD never stated Mr. Fry "gives up" or waived any constitutional rights. (Doc. 12 at pp. 6-7.)

The Court has carefully reviewed the record and Mr. Fry's objections to this determination and finds Magistrate Judge Molzen's analysis to be sound and supported by the record. Mr. Fry has not shown AFPD Langell's performance at the initial appearance to have been deficient or to have prejudiced Mr. Fry. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring claimant to prove both deficient performance and prejudice to establish a claim of ineffective assistance of counsel). Therefore, this objection to the magistrate judge's proposed findings and conclusions must be overruled.

### 1.2     Ineffective Assistance Claims Against CJA Panel Attorney del Valle

Magistrate Judge Molzen deciphered five separate attacks leveled at del Valle's performance from Mr. Fry's rather confusing § 2255 motion.  (Doc. 12 at pp. 8-14.)  Those assertions included:  (1) del Valle "threatened" Mr. Fry with 30 years' imprisonment if he refused the plea agreement; (2) del Valle prevented Mr. Fry from speaking freely at sentencing because Mr. Fry wanted to inform the Court he was coerced into the plea agreement; (3) del Valle failed to move to suppress the evidence gathered from the search of Mr. Fry's vehicle and trailer at the border patrol checkpoint despite Mr. Fry repeatedly requesting such; (4) del Valle failed to object to a four-level enhancement at sentencing for possessing the pipe bombs in connection with another felony; and (5) "public defenders" do not provide zealous representation because they do not want to upset the Court.

### 1.2.1     "Threat" of a 30-year Prison Sentence

Mr. Fry asserts del Valle "threatened" him with 30 years' imprisonment if he did not sign the plea agreement.  (Doc. 1 at pp. 11, 12.)  The magistrate judge found del Valle was not threatening Mr. Fry, but informing Mr. Fry of the very real possibility that if Mr. Fry were charged and convicted of possession of a firearm in furtherance of a drug trafficking crime, the four pipe bombs he possessed would expose him to a mandatory minimum sentence of 30 years of imprisonment.  (Doc. 12 at pp. 8-9.)

It is unclear whether Mr. Fry objects to the magistrate judge's determination on this issue. He asserts he was "under a very real threat of 30 years in prison" and "under duress," but no longer contends it was del Valle who was threatening him.  (*See* Doc. 13 at 2.)  His objection

seems to be more that the criminal justice system placed him under duress and threat of 30 years' imprisonment. (*See id.*)

Regardless, for those reasons competently articulated by the magistrate judge, this Court finds Mr. Fry's claim that his own attorney threatened him with 30 years' imprisonment in order to get him to plead guilty is meritless. One of the possible alternatives to the very generous plea agreement executed by the parties included facing a mandatory minimum sentence of 30 years for possessing four pipe bombs in furtherance of drug trafficking. It may have been deficient performance had del Valle *not* informed Mr. Fry of this possibility. Mr. Fry has not shown del Valle's performance to have been deficient with regard to the potential 30-year sentence he could face as an alternative to the plea agreement he signed, nor has he shown any prejudice. Therefore, this objection to the magistrate judge's proposed findings and conclusions, if any there is, must be overruled.

### 1.2.2 Silencing at Sentencing

Mr. Fry contends Kenneth del Valle told him not to speak about the law at sentencing. Mr. Fry argues del Valle only told him this "because he knew Mr. Fry in fact knew the law." (Doc. 1 at p. 6.) He argues the Court at sentencing never asked if Mr. Fry's attorney had threatened or coerced Mr. Fry into signing the plea agreement, "but that was the case." (*Id.*)

The magistrate judge found this claim frivolous because the question of whether Mr. Fry entered into the plea agreement knowingly and voluntarily was decided at the hearing where he changed his plea to guilty, not at the later sentencing hearing. (Doc. 12 at pp. 9-10.) And at that change of plea hearing, Mr. Fry expressly testified he was not forced or threatened to plead guilty. (Doc. 9-1 at pp. 4-5 (transcript of change of plea hearing).) Mr. Fry does not appear to

object to this determination. (*See* Doc. 13 at pp. 3-4.) The Court's own review of the record convinces it the magistrate judge's determination is factually and legally correct. Therefore, this objection to the magistrate judge's proposed findings and conclusions, if any, must be overruled.

### 1.2.3   Failure to Move to Suppress Evidence

Much of Mr. Fry's § 2255 motion takes particular issue with the fact that a motion to suppress evidence was never filed in his case. (*See* Doc. 1 at pp. 5, 7-9.) The magistrate judge concluded Mr. Fry's arguments in support of suppression were meritless. (Doc. 12 at pp. 10-12.) Mr. Fry strenuously objects to the magistrate judge's determination on this issue. (*See* Doc. 13 at pp. 3-4.)

Reviewing Mr. Fry's suppression argument de novo, the Court concludes it is subject to the waiver contained in the plea agreement because it was not part of plea negotiations. Further, when Mr. Fry changed his plea in court, he expressly stated he understood he was giving up his right to challenge the search and seizure.

> **THE COURT:** Do you also understand you're giving up any right to challenge the stop, search, seizure of any of these items?
> **THE DEFENDANT:** Yes, ma'am.

(Doc. 9-1 at p. 8.) Accordingly, the Court will enforce the waiver and concludes Mr. Fry cannot raise this argument following his plea agreement.

Moreover, even if the waiver did not prevent this claim, it would fail on its merits for the several reasons explained by Magistrate Judge Molzen. First, "the right of Immigration & Naturalization Border Patrol officers to stop vehicles on the highway, and, without warrants, search them for aliens, is well established (both by statute and case law), if 'within a reasonable distance' of this country's external boundaries." *United States v. Anderson*, 468 F.2d 1280, 1282

(10th Cir. 1972) (quoting *United States v. McCormick*, 468 F.2d 68, 72 (10th Cir. 1972)).  The border patrol checkpoint in this case was about 70 miles from the nation's external boundaries, well within the 100 miles that courts have routinely held to be reasonable.  *See id.*  Mr. Fry takes issue with the border patrol officers using "cones blocking the road."  (Doc. 13 at p. 3.)  As *Anderson* and *McCormick* ably demonstrate, this does not constitute an illegal seizure.

Second, "a positive alert by a certified drug dog is generally enough, by itself, to give officers probable cause to search a vehicle."  *United States v. Ludwig*, 641 F.3d 1243, 1251 (10th Cir. 2011).  Here, once the drug dog alerted to the presence of contraband during the border patrol stop, the agents had probable cause to search Mr. Fry's property for that contraband.  Further, under federal law, marijuana remains a Schedule I drug, 21 U.S.C. § 812(c)(c)(10), which cannot be legally prescribed as medicine.  The fact that Mr. Fry had a medical marijuana card from the State of California does not insulate him from the federal legal ramifications of his actions.  Marijuana is contraband under federal law, and the border patrol agents had every right to search for contraband once the drug dog alerted to its presence, and the agents had every right to continue searching Mr. Fry's property (including the trailer and the SUV) upon finding the marijuana in the saddle bag of the motorcycle being towed on the trailer.  Mr. Fry's repeated reference to marijuana as "legal medicine" is inaccurate.  Under federal law, it has no medicinal value and is very much illegal.

Third, despite Mr. Fry's insistence that marijuana was a sacrament for his Rastafarianism religion, it also is illegal under federal law and supports additional probable cause to search his property for more contraband, which uncovered the illegal pipe bombs.

Fourth, the search beyond the motorcycle saddle bags (where the marijuana was found) was not illegal or overbroad. Law enforcement need not end their lawful search of a vehicle immediately upon finding some contraband if there is probable cause to believe additional contraband may exist, which is often the case with drugs. *See United States v. Loucks*, 806 F.2d 208, 209-11 (10th Cir. 1986) (after finding marijuana in the passenger compartment of the vehicle, officer had probable cause to search the trunk of the defendant's vehicle for additional contraband); *see also United States v. Bradford*, 423 F.3d 1149, 1159-60 (10th Cir. 2005) (after defendant admitted to possession of marijuana and provided a small amount to the officer, the officer had probable cause to search the vehicle for additional contraband); *United States v. Ross*, 456 U.S. 798 (1982) (the scope of a warrantless search of an automobile is defined by the object of the search and the places in which there is probable cause to believe it may be found).

Finally, Mr. Fry's contention that his vehicle was his "mobile home" (Doc. 13 at p. 4) gets him nowhere. Whether something is treated as a home versus as a vehicle for Fourth Amendment purposes is determined by whether the object has the "capacity to be quickly moved." *California v. Carney*, 471 U.S. 386, 390 (1985). Here, Mr. Fry drove his vehicle into the border patrol checkpoint, evincing its capacity to be quickly moved. Therefore, it was appropriately treated as a vehicle rather than as a home.

Even if Mr. Fry's decision to waive any challenge to the search and seizure was invalid, a motion to suppress would have been denied. Mr. Fry's arguments do not support suppression. Mr. Fry has not shown the del Valle's performance to have been deficient with regard to not filing a motion to suppress or any prejudice. Therefore, these objections to the magistrate judge's proposed findings and conclusions must be overruled.

### 1.2.4 Failure to Object to the Four-Level Sentence Enhancement

Mr. Fry argued in his § 2255 motion his sentence was wrongly increased by four levels under the sentencing guidelines because he only had a misdemeanor amount of marijuana under federal law, not a felony amount. (Doc. 1 at pp. 6-7.) Consequently, there could be no four-level enhancement for "in connection with another felony."

The magistrate judge concluded he had waived this argument by entering into the plea agreement. (Doc. 12 at p. 12.) Alternatively, the magistrate judge determined del Valle's performance was not deficient because he argued the issue at sentencing, but the Court ruled against him. (*Id.* at p. 13.)

In his objections, Mr. Fry points out del Valle waived any argument that the amount of marijuana was less than felony amount. (Doc. 13 at p. 4.) This is true. (*See* Doc. 9-2 at p. 7.) The commentary to § 2K2.1 of the United States Sentencing Guidelines, however, expressly states, "'Another felony offense,' for purposes of subsection (b)(6)(B), means any federal, state, or local offense ... punishable by imprisonment for a term exceeding one year ...." U.S.S.G. § 2k2.1 Application Note 14(C). And under New Mexico law, the possession of eight ounces or more of marijuana is a felony punishable by up to 18 months imprisonment. N.M. Stat. Ann. § 30-31-23(B)(3). Mr. Fry's 1.6 pounds of marijuana converts to about 25 ounces, which is more than three times the felony amount under New Mexico law. Accordingly, del Valle's decision at sentencing to concede the felony amount of marijuana and instead argue that the marijuana possession was not "in connection with" the pipe bomb possession (*see* Doc. 9-2 at pp. 7-9) was an objectively reasonable strategic decision. The fact that the Court ruled against him does not make his performance any less deficient.

The Court's review of the record convinces it the magistrate judge's determination was factually and legally correct. The waivers to which Mr. Fry agreed as part of his plea deal prevent him from raising this claim. Even if Mr. Fry's decision to waive this challenge was invalid, though, his attorney's performance was not deficient nor did it prejudice Mr. Fry. Therefore, the objection to the magistrate judge's proposed findings and conclusions must be overruled.

### 1.2.5   Failure to Provide Fair and Impartial Representation as a "Public Defender"

Mr. Fry asserted that "public defenders are given jobs by the Court," which places them "in a position of not wanting to upset the Court." (Doc. 1 at p. 11.) According to Mr. Fry, this forces the "public defenders" to "strongly encourage" their client to enter plea agreements. (*Id.*) Ostensibly, Mr. Fry is lumping del Valle, a CJA Panel attorney, in with "public defenders."

Magistrate Judge Molzen found that even if not waived by Mr. Fry's plea agreement, this claim is frivolous because del Valle provided effective representation. (Doc. 12 at pp. 13-14.) The Court agrees. Mr. Fry's claim does not even contend del Valle performed deficiently due to his position as a "public defender" or that such performance prejudiced him. (*See* Doc. 1 at p. 11.) Instead, his contentions on this matter are generalized to all "public defenders." Suffice it to say that Mr. Fry did not establish del Valle was unconstitutionally ineffective due to his position as a court-appointed attorney.

One final matter bears mention here. Magistrate Judge Molzen correctly noted that "if Fry's objective was to proceed to trial, then Del Valle would have been obliged to honor his client's wishes. *See* Rule 16-102(A) NMRA." (Doc. 12 at p. 14.) In his objections, Mr. Fry

then extrapolates this statement into del Valle must have been required to file a motion to suppress because Mr. Fry desired such. (Doc. 13 at p. 5.) In short, Mr. Fry is mistaken. "In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, and whether the client will testify." NMRA 16-102(A). The client, in consultation with the attorney, controls the objectives of the legal representation (e.g., to go to trial, to enter a plea agreement, to appeal, etc.) while the attorney, in consultation with the client, controls the means of achieving the client's objective (e.g., through filing a motion to suppress, through active plea negotiations, etc.). *See* NMRA 16-102 cmts. 1, 2. Del Valle was not required to file a motion to suppress solely because Mr. Fry wanted him to do so.

Magistrate Judge Molzen's determination on this claim regarding ineffective "public defenders" is legally and factually sound. Therefore, the objection to the magistrate judge's proposed findings and conclusions must be overruled.

## 2.    Second Amendment Claim

Mr. Fry also asserted the seizure of his pipe bombs and his conviction of possession of unregistered pipe bombs violated the Second Amendment. (Doc. 1 at pp. 9-10.) He argued he needed the weapons to feel comfortable and safe. (*Id.*)

The magistrate judge determined Mr. Fry waived this argument in his plea agreement and, alternatively, the claim fails on its merits because pipe bombs are not in common use for the narrow purpose of self-defense and Mr. Fry did not in fact possess the pipe bombs in this case for self-defense purposes. (Doc. 12 at p. 15 (citing *Colo. Outfitters Ass'n v. Hickenlooper*, 24 F.

Supp. 3d 1050, 1064 (D. Colo. 2014) and *District of Columbia v. Heller*, 554 U.S. 570, 624-25 (2008)).

The Court has carefully reviewed the record and Mr. Fry's objections to this determination and finds Magistrate Judge Molzen's analysis to be legally sound and supported by the record. This claim was waived as part of Mr. Fry's plea agreement. To the extent not waived, if any, it fails on its merits for the reasons set forth by the magistrate judge. Therefore, this objection to the magistrate judge's proposed findings and conclusions must be overruled.

3.     **Certificate of Appealability**

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to grant or deny a certificate of appealability (COA) when making a ruling adverse to the movant. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons detailed in this Order, Mr. Fry has not made a substantial showing of the denial of a constitutional right, and the Court therefore denies a certificate of appealability.

**CONCLUSION AND ORDER**

After reviewing Mr. Fry's objections de novo, the Court finds and concludes that Magistrate Judge Molzen's Proposed Findings and Conclusions of Law are factually and legally correct.

**IT IS THEREFORE ORDERED** that Mr. Fry's Objections to Proposed Findings (Doc. 13) are hereby overruled.

**IT IS FURTHER ORDERED** that Magistrate Judge Molzen's Proposed Findings and Conclusions of Law (Doc. 12) are hereby adopted in full.

**IT IS FURTHER ORDERED** that Mr. Fry's 28 U.S.C. § 2255 motion (Doc. 1) is hereby denied without an evidentiary hearing.

**IT IS FURTHER ORDERED** that Mr. Fry's Motion to Appoint Counsel (Doc. 7) is hereby denied as moot.

**IT IS FINALLY ORDERED** that a Certificate of Appealability under Rule 11 of the Rules Governing § 2255 Proceedings is hereby denied.

**DATED** this _12th_ day of May, 2015.

Scott W. Skavdahl
United States District Court Judge